UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>       Petitioner,<br><br> v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>       Respondents. | Case No. 3:23-cv-00046-ART-CLB<br><br>ORDER |

  This habeas corpus action was initiated on February 2, 2023, by Mohamed Abdalla Mahmoud, who is incarcerated at Nevada's High Desert State Prison. On that date, Mahmoud, acting *pro se*, submitted for filing an application to proceed *in forma pauperis* (ECF No. 1), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1), and two motions for appointment of counsel (ECF Nos. 1-2, 1-3). On February 21, 2023, the Court denied Mahmoud's *in forma pauperis* application because it was not on the form required by this Court and because it was incomplete, and the Court granted Mahmoud an opportunity to file a second *in forma pauperis* application. (ECF No. 4.) On April 26, 2023, Mahmoud filed a second *in forma pauperis* application (ECF No. 5). However, the information provided by Mahmoud in his second *in forma pauperis* application shows that he is able to pay the filing fee. Therefore, on April 28, 2023, the Court denied Mahmoud's second *in forma pauperis* application and granted him sixty days—until June 27, 2023—to pay the filing fee.

  On May 2, 2023, Mahmoud filed a document entitled "Emergency Order to NDOC to Return Legal Work" (ECF No. 8), which the Court construes as a motion for an order requiring the respondents to return to him certain property that he alleges was wrongfully confiscated, which property he alleges includes materials related to this case.

The Court will deny Mahmoud's motion, without prejudice. Mahmoud has not yet paid the filing fee for this action. For that reason, his petition has not yet been filed, and it has not been served on the respondents. The respondents have not appeared in this action; they are not, now, parties to this case. Therefore—putting aside the question of the factual and legal merits of Mahmoud's motion—this Court could not now enter the order Mahmoud seeks, as the Court does not have jurisdiction over the respondents at this time in this case. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983).

Furthermore, Mahmoud's allegations, and the relief he seeks in his motion, are in the nature of a civil rights claim, not a habeas claim. While the Court does not here comment on the potential procedural viability or merits of Mahmoud's claim, the Court will direct the Clerk of the Court send to Mahmoud the materials he would need to file a civil rights action.

It is therefore ordered that Petitioner's motion for return of legal materials (ECF No. 8) is denied without prejudice.

It is further ordered that the Clerk of the Court is directed to send to Petitioner, with a copy of this order, the following:

- two copies of the order entered April 28, 2023 (ECF No. 7);

- two copies of the form, and instructions, for a civil rights complaint by an inmate.

DATED THIS 8th day of May, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE