UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br>　　　　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, *et al.*,<br>　　　　　　　　　Respondents. | Case No. 3:23-cv-00046-ART-CLB<br><br>ORDER |

This habeas corpus action was initiated on February 2, 2023, by Mohamed Abdalla Mahmoud, who is incarcerated at Nevada's High Desert State Prison. On that date, Mahmoud, acting *pro se*, submitted for filing an application to proceed *in forma pauperis* (ECF No. 1), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1), and two motions for appointment of counsel (ECF Nos. 1-2, 1-3). the Court denied Mahmoud's *in forma pauperis* application because it was not on the form required by this Court and because it was incomplete, and the Court granted Mahmoud an opportunity to file a second application. (ECF No. 4.) Mahmoud filed a second *in forma pauperis* application (ECF No. 5); however, the information provided by Mahmoud in his second application showed that he was able to pay the filing fee, so, on April 28, 2023, the Court denied Mahmoud's second application and granted him time to pay the filing fee. (ECF No. 7.) Mahmoud paid the filing fee on June 23, 2023. (ECF No. 13.)

A prisoner not sentenced to death petitioning for a writ of habeas corpus in federal court is not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent a due process violation. *Chaney v. Gonzales*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint

1

counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. The Court finds that appointment of counsel for Mahmoud in this case is in the interests of justice and will grant Mahmoud's motions for appointment of counsel.

The Court has examined Mahmoud's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon the respondents, and will direct the respondents to appear, but will not require any further action on the part of the respondents at this time.

It is therefore ordered that the Clerk of the Court shall separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and the two motions for appointment of counsel (ECF Nos. 1-2, 1-3).

It is further ordered that Petitioner's Motions for Appointment of Counsel (ECF Nos. 1-2, 1-3) are granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent the petitioner in this case.

1  It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that the respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 11th day of July, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE